IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WATSON METALS, LLC,** | |
| **Plaintiff,** | |
| v. | Case No. 25-CV-232-SEH-SH |
| **UNITED STATES OF AMERICA,** *ex rel*, **COMMISSIONER OF INTERNAL REVENUE SERVICES,** | |
| **Defendant.** | |

## OPINION AND ORDER

Before the Court is Plaintiff's Unopposed Motion to Transfer Venue. [ECF No. 22]. Plaintiff seeks to transfer this case to the United States District Court for the Eastern District of Tennessee. Plaintiff's motion is granted for the reasons set forth below.

This is a tax refund suit brought under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422(a) and concerns federal income tax paid for the 2018 tax year. [ECF No. 2 at 8]. Plaintiff is a limited liability company organized under the laws of the State of Tennessee with its principal place of business in Oklahoma. [*Id.* at 2]. Plaintiff alleges that it paid a certain amount of income tax on November 1, 2023, and filed a claim for a full refund of that tax about a month later. [*Id.* at 3].

Plaintiff seeks to transfer this action to the United States District Court for the Eastern District of Tennessee following Defendant's motion to dismiss, in which Defendant argues venue is proper in that court. [ECF No. 15]. Defendant does not oppose Plaintiff's motion to transfer. [ECF No. 22-1].

The applicable venue statute requires Plaintiff to bring this tax refund action in the judicial district where its principal place of business or principal office or agency is located. 28 U.S.C. § 1402(a)(2). Or if there is no principal place of business, principal office, or agency, the case must be brought in the judicial district where the subject tax return related to the refund claim was filed. *Id.* Ordinarily, a plaintiff has the burden of establishing proper venue. *Watts v. Freeman Health Sys.*, No. 20-cv-00452-WPJ-JFJ, 2023 WL 7128461, at *2 (N.D. Okla. Oct. 30, 2023) (citing *Titsworth v. Hodge*, 2018 WL 3312985, at *2 (E.D. Okla. July 3, 2018); *Pierce v. Shorty Small's of Branson, Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). In evaluating whether a plaintiff has met this burden, "the facts alleged in the complaint are taken as true, but only to the extent they are uncontroverted by the defendant's evidence." *Id.* (citing *Pierce*, 137 F.3d at 1192).

Although Plaintiff states in its complaint that its principal place of business is in Oklahoma, Defendant argues that public records show "Plaintiff is still located in Tennessee and the subject tax return was filed there." [ECF No. 15 at 2]. However, the Court need not resolve this issue

because "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court finds that the parties have consented to transferring this case to the United States District Court for the Eastern District of Tennessee.

Therefore, Plaintiff's Motion to Transfer Venue [ECF No. 22] is GRANTED. The Court directs the Clerk of Court to take all necessary steps to transfer this case to the United States District Court for the Eastern District of Tennessee.

Because this case will be transferred, Defendant's Motion to Dismiss [ECF No. 15] is DENIED AS MOOT.

DATED this 5th day of August, 2025.

*Sara Hill*
Sara E. Hill
UNITED STATES DISTRICT JUDGE